eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS◆
JEFFREY B. BROMFELD
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN B. KAHN
JOHNSON ATKINSON
EILEEN KAPLAN
MARK NEWMAN
WAYNE WATTLEY
GENNARO SAVASTANO

RYAN AMATO
DAVID A. BONILLA
UDEYVEER BRAR
DANIEL BROCCO
SAMANTHA MARIA CHASE
ANDREY DEMIDOV
TAYLOR FRIEDMAN^
MICHAEL GLUCK
ALBERT K. KIM*
ANDREW LEVINSON
MELISSA N. MAGILL
GINA NICASIO*
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO*
MATTHEW RABINOWITZ *◆
DAVID SULLIVAN
KEYONTE SUTHERLAND
MATT SWANSEN*
JOJU THOMAS
FEJIR UGURLU
BRIAN VANNELLA*

Of Counsel:
BENJAMIN PINCZEWSKI
DEVON REIFF
EVAN M. La PENNA

* Also Admitted In New Jersey
◆ Also Admitted in Florida
^ Also Admitted in Texas

VIA ECF

November 20, 2023

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** *Gomez v. Target Corporation*
     No. 1 :23-cv-00846 (RPK) (LB)

Dear Honorable Judge Kovner:

  I represent Plaintiff Johana Gomez in the above-captioned action. Please allow this correspondence to serve as Plaintiff's request: 1) for an extension of her deadline to submit a response to Defendant Target Corporation's letter, dated November 13, 2023, requesting leave to make a summary judgment motion on the issue of liability (*see* Docket No. 24); and 2) for an order compelling Defendant to adequately identify and produce the evidence cited in Defendant's Loc. Civ. R. 56.1 Statement.

  Plaintiff seeks the aforementioned extension in light of her inability to provide a meaningful response to Defendant's 56.1 statement. This inability is a result of Defendant's failure to annex, identify, or otherwise provide any of the exhibits referenced in its 56.1 statement (*see* Docket No. 24).

  Specifically, in its 56.1 statement and with respect to exhibit designations, Defendant only goes so far as designating at least seventeen (17) items, for example, as: (**Ex. "A"**, ¶ 19), (**Ex. M-2",** 4:59:01 p.m.), (**Ex. "Q",** p.14, 1.4-16), etc. However, Defendant at no point identifies the items that have been designated as exhibits in its letter. Such identification is paramount herein given that Defendant has not annexed any of the exhibits it references in its application to same.

  Additionally, Defendant cites to declarations of witnesses that have already appeared for depositions; yet, Defendant has, admittedly, neither previously exchanged those declarations nor provided them with their letter application. Since no such declarations have been produced in discovery, Defendant's reliance on such evidence would appear to violate Fed. R. Civ. P. 37(c)(1) in addition to hindering Plaintiff's ability to fairly respond to the pre-motion application because Plaintiff's counsel lacks knowledge of content of the referenced evidence.

   In accordance with the Court's Individual Practices, Plaintiff attempted to resolve this issue in good faith with Defendant herein. Specifically, the undersigned contacted Defendant's counsel prior to the filing instant correspondence relaying Plaintiff's intent to seek an order compelling Defendant to provide copies of the exhibits cited in their 56.1 Statement. Defendant's counsel indicated that he would agree to provide a list of the proposed exhibits, all of which should be in this office's possession except for certain witness declarations. The undersigned responded that to meaningfully respond to the 56.1 Statement, we would require the witness declarations, which were not exchanged in discovery. The undersigned further requested consent for an enlargement of time within which to respond to Defendant's letter request and 56.1 Statement. The undersigned still awaits Defendant's response to this request.

   Based on the above, Plaintiff respectfully requests that Defendant be required to produce, in addition to adequately identify, the exhibits cited in Defendant's Rule 56.1 Statement and that Plaintiff be granted a reasonable time to review and respond to the revised filing.

Very truly yours,


/s/ David A. Bonilla /s/


CC: *All parties via ECF*.