# EXHIBIT "G"

## SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca^
Allison C. Leibowitz
Michael C. Lamendola*
Ian E. Hannon

Daniel P. Borbet
Irina Feferman*
Michael C. Hayes
Thomas J. Jannace
Matthew C. Maloney
Scott H. Wertheimer

Counsel

Susan B. Jannace
Ross M. Chinitz^

*Also Admitted NJ
^Also Admitted CT

March 13, 2023

**Via E-Mail & First-Class Mail**

David Bonilla, Esq.
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

> Re:  Gomez, Johana v. Target Corporation
> D/O/L: 1/10/2021
> Docket No.: 1:23-cv-00846-RPK-LB
> Our File No.: 384-9983

Dear Mr. Bonilla:

As you are aware, this office represents defendant, Target Corporation ("Target"), in the above-refenced matter.

In accordance with Magistrate Bloom's Order dated March 2, 2023, please find enclosed Target's Supplemental Initial Disclosure Pursuant to Rule 26(a)(1) exchanging a copy of the surveillance footage, Guest Incident Report and Electronic Incident Report in connection with the subject accident.

As will be evident from your review of the video, the subject spill was created by another Target guest approximately <u>two and half minutes</u> before plaintiff's accident. The relevant timestamps are as follows:

- 4:50:18 p.m. - While sorting through items in his shopping cart, a guest causes the jar of pickles to fall out of the cart and shatter onto the aisle floor.

- 4:52:57 p.m. - Plaintiff enters the aisle and walks directly into the spill, causing her to slip and fall.

Based on the aforementioned, it is clear that Target cannot be found liable for the subject accident. Since the video

David Bonilla, Esq.
Elefterakis, Elefterakis & Panek
March 13, 2023
Page 2


unequivocally demonstrates that the complained of condition was
created by another guest, there is no viable claim of creation.
Vasquez v. United States, 2016 WL 315879, *7 (S.D.N.Y. Jan. 15,
2016)("To establish that a defendant created a dangerous condition
or defect, a plaintiff must point to 'some affirmative act' on the
part of the defendant."); see also Gallagher v. Target Corp., 2010
WL 4741096 (W.D.N.Y. July 9, 2020)(holding Target did not create
the liquid spill as surveillance showed a customer dropping and
breaking the bottle of Gatorade shortly before the accident).

     Moreover, it cannot be argued the approximate two and half
minutes between creation of the spill and plaintiff's accident
constituted a sufficient period of time for it to have been
discovered and remedied by Target. Indeed, courts have refused to
impute constructive notice to a defendant in instances where the
alleged hazardous condition was in existence for significantly
longer periods. See Gallagher, supra (concluding that twelve-
minute period between creation of spill and plaintiff's accident
was insufficient as a matter of law to give defendant a reasonable
opportunity to discover and remedy the condition); Mehta v. Stop
& Shop Supermarket Co., LLC, 129 A.D.3d 1037 (2d Dep't
2015)(holding that ten to fifteen minutes was not a sufficient
amount of time to establish constructive notice); see also Ulu v.
ITT Sheraton Corp., 27 AD3d 554 (2d Dep't 2006)(fifteen to twenty-
five insufficient); Santello v. City of New York, 25 Misc. 3d
1243(A) (Sup Ct. 2009)(twenty minutes insufficient). Accordingly,
plaintiff cannot, and will not, be able to meet her prima facie
burden on the issue of liability in this matter.

     For your convenience, a stipulation of dismissal is enclosed.
We trust you will be guided accordingly.

     Should you wish to discuss this matter further, please feel
free to contact me.  Thank you for your anticipated cooperation.

                              Very truly yours,


                              Michael C. Lamendola

MCL:
Enclosures