UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOHANA GOMEZ,

        Plaintiff,

  -against-

TARGET CORPORATION,

        Defendant.
-------------------------------------------------------------------------X

Docket No.:
1:23-cv-00846-RPK-LB

**AFFIRMATION IN OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

**PLAINTIFF JOHANA GOMEZ'S AFFIRMATION IN OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES …………………………………………………………………… i

PRELIMINARY STATEMENT …………………………………………………………....... 1

RELEVANT FACTUAL BACKGROUND ………………………………………………… 2

ARGUMENT ……………………………………………………………………………….... 3

POINT I

      STANDARD FOR SUMMARY JUDGMENT ……………………………………….... 3

POINT II

      TARGET HAD ACTUAL NOTICE OF THE SUBJECT CONDITION ………………………... 4

POINT III

      TARGET HAD A REASONABLE OPPORTUNITY TO REMEDY THE SUBJECT
      CONDITION AND FAILED TO DO SO ……………………………………………………... 5

CONCLUSION ………………………………………………………………………………… 6

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986) ............................................... 3

*Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009) ................ 3, 4

*Beltran v. Techtronic Indus. N. Am., Inc.*, 2015 WL 2651099, at *3 (E.D.N.Y. June 11, 2015) ... 3

*Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280 (2d Dep't 1994) ...................... 4

*Dardha v. Costco Wholsale Corp.*, 2019 WL 1416987 (S.D.N.Y. 2019) ........................... 5, 6

*Matias v. Bello*, 165 A.D.3d 642, 643 (2d Dep't 2018) ................................................... 4

*Mercer v. City of New York*, 88 N.Y.2d 955, 956 (1996) ................................................ 5

*Newell v. Ryobi Techs., Inc.*, 2015 WL 4617184, at *2 (S.D.N.Y. Aug. 3, 2015) ................ 3, 4

*Pantote Big Alpha Foods, Inc., v. Schefman*, 121 A.D.2d 295 (1986) ............................... 4

*Quarles v. Columbia Sussex Corp.*, 997 F.Supp. 327, 332 (E.D.N.Y. 1998) ......................... 4

*Zhen v. Safety-Kleen Sys., Inc.*, 2020 WL 5912394, at *2 (E.D.N.Y. Oct. 6, 2020) ................ 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHANA GOMEZ,

                           Plaintiff,

        -against-

TARGET CORPORATION,

                         Defendant.
----------------------------------------------------------------X

Docket No.:
1:23-cv-00846-RPK-LB

**AFFIRMATION IN OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

       David A. Bonilla, Esq., an attorney duly licensed to practice law in the State of New York, states the following under the penalties of perjury:

       1.    I am an attorney at the law firm of Elefterakis, Elefterakis & Panek, attorneys for Plaintiff in this action. I am personally familiar with the facts and circumstances set forth herein based on files maintained in my office

       2.    I respectfully submit this Affirmation in opposition to Defendant, TARGET CORPORATION's (hereinafter, "Target") application, which seeks an Order pursuant to FRCP 56: (i) dismissing Plaintiff's Verified Complaint for failure to establish a prima facie case of negligence against Target.

## PRELIMINARY STATEMENT

       3.    As a preliminary matter, Plaintiff respectfully submits that any perceived inability to make out her prima facie case, which she is confident she will be able to do, is a direct result of Target's failure to preserve more than one (1) camera angle of surveillance footage from the date of the subject incident. As a result of Target's unreasonable conduct, Plaintiff is prejudiced by her inability to review all the surveillance evidence to uncover additional facts that may support her claims herein, particularly where it comes to the issue of whether Target had a reasonable

opportunity to remedy the subject condition.

4.   In any event, it is also respectfully submitted that the testimony herein clearly establishes that Target had actual knowledge of the subject condition. Furthermore, questions of fact exist as to whether Target had a reasonable opportunity to remedy the subject condition.

5.   As such, should it please the Court, Target's application seeking to have Plaintiff's Verified Complaint dismissed should be summarily denied.

## RELEVANT FACTUAL BACKGROUND

6.   On January 10, 2021, while at the subject Target store, Plaintiff sustained injuries when she was caused to slip and fall on pickles and pickle juice on the floor in Aisle A23.[1] This condition was created when someone dropped a jar of pickles onto the ground, which caused the jar to shatter and spill out pickle juice.

7.   Video surveillance of the subject incident was captured and depicts the following timeline of events:

- 4:50:19 pm – an individual wearing a red shirt drops a jar of pickles on the floor of an aisle at the Target store, leaving behind broken glass, pickles, and pickle juice on the ground;[2]

- 4:50:24 pm – the aforementioned individual walks away from the condition;

- 4:50:29 pm – the aforementioned individual walks off-camera;

- 4:50:40 pm – the aforementioned individual returns to the condition;

- 4:52:57 pm – Plaintiff is caused to slip and fall on the condition.[3]

8.   Additionally, Plaintiff testified that immediately after her incident, Laura Brownlie (hereinafter "Ms. Brownlie,") the Target employee who responded to the subject incident,

---

[1] *See* Declaration in Support of Motion for Summary Judgment, Exhibit "A."
[2] *See* Response to Rule 56.1 Statement, ¶ 4.
[3] *See id.*, ¶ 8.

informed her that the store **had been aware of the subject, dangerous condition**, and that steps were in the process of being taken to remedy same.[4]

9. As such, it is clear that Target, through Ms. Brownlie, had actual knowledge of the subject condition which caused Plaintiff to slip, fall, and sustain injuries. Furthermore, as demonstrated below, the two-and-a-half minute period that the subject condition existed provided Target with a reasonable opportunity to remedy same.

10. Therefore, for the reasons highlighted above and further outlined below, Target's motion for summary judgment should be denied.

## ARGUMENT

### I.  Standard for summary judgment.

11. Summary judgment may be granted only "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Zhen v. Safety-Kleen Sys., Inc.,* 2020 WL 5912394, at *2 (E.D.N.Y. Oct. 6, 2020) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' while a fact is material if it 'might affect the outcome of the suit under governing law." *Newell v. Ryobi Techs., Inc.,* 2015 WL 4617184, at *2 (S.D.N.Y. Aug. 3, 2015) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)).

12. The non-movant opposing a summary judgment motion must "offer[] ... concrete evidence from which a reasonable juror could return a verdict in his favor," meaning he "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 256. In analyzing a summary judgment motion, "the Court must 'resolve all ambiguities and draw all reasonable inferences against the movant." *Beltran v.*

---

[4] *See id.,* ¶ 8.

3

*Techtronic Indus. N. Am., Inc.*, 2015 WL 2651099, at *3 (E.D.N.Y. June 11, 2015) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009)). "The Court's job is not to weigh the evidence or resolve issues of fact. Rather, the Court must decide whether a rational juror could find in favor of the plaintiff." *Newell*, 2015 WL 4617184, at *3 (internal quotation marks and citations omitted).

13. Under substantive New York law, which is applicable herein, a "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident." *Matias v. Bello*, 165 A.D.3d 642, 643 (2d Dep't 2018).

14. On a motion for summary judgment, the Court should draw all reasonable inferences in favor of the non-moving party (which is the Plaintiff herein). *See Pantote Big Alpha Foods, Inc., v. Schefman*, 121 A.D.2d 295 (1986).

**II.   Target had actual notice of the subject condition.**

15. To establish a prima facie case of negligence in a slip and fall action, the plaintiff must demonstrate that the defendants "created the condition which caused the accident, or that the defendant[s] had actual or constructive notice of the condition." *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280 (2d Dep't 1994).

16. Actual notice requires the plaintiff to prove that the defendant was, in fact, aware of the dangerous condition. *See Quarles v. Columbia Sussex Corp.*, 997 F.Supp. 327, 332 (E.D.N.Y. 1998).

17. Here, Plaintiff testified that just after the subject incident, Ms. Brownlie was on-duty at the time of the incident and informed her that Target was aware of the subject condition

before she slipped and fell.[5] Moreover, Ms. Brownlie also relayed that someone was already on the way to clean up the spill.[6]

18. As such, it is respectfully submitted that the evidence herein conclusively establishes that Target was aware of the subject, dangerous condition and, as such, can be properly charged with actual notice of the subject condition.

### III. Target had a reasonable opportunity to remedy the subject condition and failed to do so.

19. Notice alone is not enough; a plaintiff must show that a defendant had a sufficient opportunity, within the exercise of reasonable care, to remedy the situation after receiving such notice. *See Mercer v. City of New York*, 88 N.Y.2d 955, 956 (1996).

20. In *Dardha v. Costco Wholsale Corp.*, 2019 WL 1416987 (S.D.N.Y. 2019), the Court held that the defendant "failed to take advantage of an immediately available remedy" for a spill that had existed on the floor of its premises for merely **eighty-two seconds** – or, in other words, less than one-and-a-half minutes. In denying the defendant's motion for reconsideration of the order denying their motion for summary judgment, the Court found that the defendant's employee had a reasonable opportunity to take precautions, such as asking someone to clean it up, warning customers and employees of the spill in the area and undertaking an immediate search for materials to clean the spill.

21. In this case, given the timeline outlined above, the spill herein existed on the floor of Aisle A23 for approximately **two-and-a-half minutes** prior to Plaintiff's fall. Thus, the broken pickle jar and associated spilled liquid and pickles existed on the floor of the subject aisle for over **twice as long** as the condition in *Dardha, supra*.

---

[5] *See* Plaintiff's Rule 56.1 Counter Statement, ¶ 2.
[6] *See id.*, ¶ 3.

22. Similarly, like the defendant in *Dardha*, there are several courses of action that Target could have reasonably undertaken to safeguard Aisle A23 between the time the jar was dropped and when Plaintiff fell. More specifically, upon notice of the spill, a Target employee could have made the area reasonably safe by temporarily blocking off the area, keeping an employee in that area to direct guests away from the spill, or otherwise cordoning off the area until appropriate corrective measures could have been taken.

23. Therefore, it is respectfully submitted that, at the very least, a question of fact exists concerning whether, in light of the holding in *Dardha*, two-and-a-half minutes was enough time for a Target employee to have had a sufficient opportunity to clean up the spilled pickles and pickle juice. After all, as established above, Target had actual notice of the condition prior to the subject incident.

## CONCLUSION

24. Based on the above, Plaintiff respectfully submits that, at a minimum, the evidence herein establishes that Target had actual notice of the condition that caused Plaintiff to slip and fall. Moreover, questions of fact also exist as to whether Target had an opportunity to make and/or keep the area reasonably safe during the time when it was aware of the spill and prior to Plaintiff's fall – whether by cleaning up the spill or otherwise.

25. As such, Target's motion for summary judgment should be denied in its entirety.

**WHEREFORE**, it is respectfully submitted that there exist triable issues of fact, and therefore, Moving Defendants' motion must be denied in its entirety.

Dated: New York, New York
March 1, 2024

By: /s/ David A. Bonilla /s/
David A. Bonilla, Esq.

To: Sal F. DeLuca, Esq.
Simmons Jannace DeLuca, LLP
*Attorneys for Defendant*
43 Corporate Drive
Hauppauge, NY 11788
sdeluca@sjdfirm.com