UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JOHANA GOMEZ,

               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                     23-CV-846 (RPK) (LB)

      v.

TARGET CORP.,

               Defendant.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Johana Gomez brings this action for negligence against Target Corp. seeking damages for injuries she allegedly sustained when she slipped and fell at a Target store. Defendant moves for summary judgment. That motion is granted.

## BACKGROUND

      The following facts are taken from the parties' Rule 56.1 statements and relevant portions of the record. These facts are undisputed unless otherwise noted.

      On January 10, 2021, plaintiff slipped and fell on a broken jar of pickles in Aisle A23 of a Target store located on Queens Boulevard in Elmhurst, New York. Pl.'s Rule 56.1 Stmt. ¶¶ 1–2 (Dkt. #32-1). Surveillance footage shows that the jar broke when it fell from the shopping cart of an unidentified man at 4:50:19 p.m. *Id.* ¶¶ 3–4. The man left Aisle A23 at 4:50:29 p.m. and returned at 4:50:40 p.m. *Id.* ¶ 6. Plaintiff slipped and fell at 4:52:57 p.m. *Id.* ¶ 8.

      Surveillance footage does not show any Target employee entering or passing by Aisle A23 in the two minutes and thirty-eight seconds between the jar breaking and plaintiff's fall. *Id.* ¶ 7. Christian Lee, a Target employee who was working approximately six aisles from Aisle A23,

1

learned of the spill when another customer notified him of plaintiff's fall. *See id.* ¶¶ 25–27. After Lee approached plaintiff in Aisle A23 and reported her fall on his walkie talkie, two other employees responded, including Laura Brownlie. *See id.* ¶¶ 28, 31.

Plaintiff and Brownlie have given different accounts of their conversation after plaintiff's fall. At her deposition, plaintiff testified that when she spoke with Brownlie after her fall, Brownlie told plaintiff "they were aware that the jar was on the floor" and had "already called somebody to come and clean [it] up." Pl.'s Dep. 85:3–86:12, 90:13-24 (Dkt. #31-23). Plaintiff clarified that Brownlie did not tell her "who 'they' was" or "for how long they knew" about the broken jar. *Id.* at 91:3–14. Brownlie denies this account, stating that she "never made any . . . statement to plaintiff" regarding whether "the store knew about the spill" or whether anyone had "directed [that] it be cleaned prior to her slipping and falling." Decl. of Laura Brownlie ¶¶ 11–12 (Dkt. #31-26).

Plaintiff filed this negligence lawsuit in state court in January 2023. *See* Compl. (Dkt. #1-1). She seeks damages for injuries allegedly sustained because defendant failed to remedy a hazard which it created or of which it had actual or constructive notice. *See id.* ¶¶ 18–26.

Defendant removed the case to federal court, *see* Notice of Removal (Dkt. #1), and now moves for summary judgment, Mot. for Summ. J. (Dkt. #30).

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citation and quotation marks omitted). "A fact is material if it might affect the outcome of the suit under governing law." *Ibid.* (citation and quotation marks omitted). In determining whether there is a genuine issue of

material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. *See ibid.* A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

In assessing the record, the Court considers cited "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, [and] interrogatory answers." Fed. R. Civ. P. 56(c)(1)(A). The Court views "the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (internal quotations, alterations, and citation omitted).

## DISCUSSION

Defendant's motion for summary judgment is granted.

To prevail on a negligence claim in New York, a plaintiff must establish three elements: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). In premises liability cases, landlords owe guests the "duty to exercise reasonable care in maintaining their property in a reasonably safe condition under the circumstances." *Powers ex rel. Powers v. 31 E. 31 LLC*, 20 N.E.3d 990, 995–96 (N.Y. 2014) (quotation marks, brackets, ellipsis, and citation omitted). When a plaintiff suffers an injury from a condition on another's property, she may hold the property owner or tenant liable under some circumstances. To make a

3

*prima facie* showing of liability, the plaintiff must show the defendant "either affirmatively created the condition alleged to have caused plaintiff's fall[] or had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence." *Puello v. Jetro Cash & Carry Enters., LLC*, No. 18-CV-1645 (LGS), 2020 WL 564573, at *2 (S.D.N.Y. Feb. 5, 2020) (brackets omitted) (quoting *Mercer v. City of New York*, 670 N.E.2d 443, 444 (N.Y. 1996)). When a New York negligence claim is litigated in federal court, the defendant is entitled to summary judgment if the plaintiff does not put forward evidence from which a jury could find a *prima facie* case established. *Id.* at *2 & n.1.

Plaintiff has not put forward evidence from which a factfinder could determine that plaintiff had made her *prima facie* showing. Even assuming that a jury could find that defendant had actual notice[*] of the broken pickle jar before plaintiff slipped—based on plaintiff's account of her conversation with Brownlie—the record does not contain evidence from which a rational factfinder could conclude that defendant had a reasonable opportunity to correct or warn about the spill before plaintiff's fall. It is undisputed that that no Target employee was in the aisle between the spill and the fall. *See* Pl.'s Rule 56.1 Stmt. ¶ 7. And even if Ms. Brownlie learned of the spill at some point before the fall, as plaintiff contends, Ms. Brownlie (or any Target employee) would have had, at most, a couple of minutes to respond—because only two minutes and thirty-eight seconds elapsed between the moment of the spill and the fall. Courts have treated similar periods of notice as insufficient, as a matter of law, to provide a reasonable opportunity to correct or warn, unless evidence indicated that a nearby employee was already in a position to take quick action.

---

[*] Plaintiff argues that defendant had actual notice of the spill, *see* Opp'n 4–6 (Dkt. #32), but she does not address defendant's argument for summary judgment on her claims that it created or had constructive notice of the spill, *see* Opp'n; Reply 4 (Dkt. #33). Plaintiff thus "abandon[s] [those] unmentioned claims." *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014); *see, e.g.*, *Henkel v. Wagner*, No. 12-CV-4098 (AJN), 2016 WL 1271062, at *5 (S.D.N.Y. Mar. 29, 2016).

*See Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 505 (S.D.N.Y. 2008) (two to three minutes insufficient); *Byrd v. Wal-Mart, Inc.*, No. 6514/2010, 2013 WL 10981559, at *1–2 (N.Y. Sup. Ct. Aug. 8, 2013) (two minutes), *aff'd*, 8 N.Y.S.3d 428, 429 (App. Div. 2015); *Alami v. 215 E. 68th St., L.P.*, 931 N.Y.S.2d 647, 649 (App. Div. 2011) (five minutes); *see also Williams v. Hannaford Bros. Co.*, 710 N.Y.S.2d 714, 716 (App. Div. 2000) ("[T]he record contains no evidence that defendant had a reasonable opportunity to clean up the spill prior to [plaintiff] approaching [it].").

The case that plaintiff invokes to support a contrary view is inapposite. In *Dardha v. Costco Wholesale Corp.*, No. 17-CV-2571 (NSR), 2019 WL 1416987 (S.D.N.Y. Mar. 28, 2019), the court found summary judgment unwarranted because the time that elapsed between a spill and a customer's fall was disputed and because a jury could have found that a store employee's remark—"why hasn't somebody cleaned this up?"—supported the inference that the employee had sufficient time to remedy the hazard before the plaintiff was injured. *Id.* at *2. Those circumstances are not present here. Accordingly, plaintiff has failed to put forward evidence from which a jury could find that she established her *prima facie* case.

## CONCLUSION

Defendant's motion for summary judgment is granted. The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

SO ORDERED.

                                        /s/ Rachel Kovner
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: February 20, 2025
       Brooklyn, New York